**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SURANGI WIDYARATNE AND DILUM CHANDRASOMA** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No. 1:25-cv-01329-ADA-SH** |
| **AMERICAN ECONOMY INSURANCE COMPANY** | § | |
| **Defendant.** | § | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE THE OPINIONS OF JOHN ANDRES**

Plaintiffs, Surangi Widyaratne and Dilum Chandrasoma, file this Reply in Support of their Motion to Strike and Exclude Defendant's proffered Expert Testimony of John Andres ("Motion") and in support thereof would show:

## I. SUMMARY

Defendant's Response confirms the precise defects identified in Plaintiffs' Motion. Although Defendant repeatedly emphasizes that Andres reviewed documents, identified general claims-handling standards, and prepared a chronology of events, none of those things constitute a reliable methodology under Rule 702. Andres merely summarizes portions of the claim file, lists generalized insurance platitudes, and repeatedly concludes that AEIC acted reasonably and in accordance with industry standards without meaningfully explaining how the underlying facts support those conclusions.

The issue before the Court is not whether Andres possesses experience in insurance claims handling or whether he reviewed the claim file. The issue is whether he reliably applied any discernable methodology to the disputed facts of this case. He did not. Instead, Andres offers a

"bottom line" opinion that AEIC acted reasonably and in good faith while failing to bridge the analytical gap between the underlying evidence and his conclusions. That is precisely the type of *ipse dixit* testimony courts routinely exclude under Rule 702.

Defendant's Response also confirms that substantial explanatory work had to be supplied by counsel because Andres himself failed to provide the necessary analysis in his report. Under Rule 702, Defendant cannot rehabilitate a deficient expert report through post hoc argument.

Finally, Andres repeatedly offers impermissible legal conclusions regarding good faith, statutory compliance, bad faith, and alleged misrepresentations. Those opinions improperly invade the province of both the Court and jury, as specifically concluded by the precedent upon which Defendant primarily relies, and should be excluded.

## II. ARGUMENTS AND AUTHORITIES

### A. Defendant's Response Confirms that Andres' Opinions are Conclusory and Unsupported by a Reliable Methodology.

Defendant repeatedly argues that Andres identified applicable standards, reviewed the claim file, and prepared a chronology of events. However, a chronology of events is not a substitute for methodology. Reviewing documents is not a substitute for methodology. Listing generalized insurance principles is not methodology. Rule 702 requires the expert to reliably apply discernable principles and methods to the facts of the case. Fed. R. Evid. 702. That specifically means that an expert must apply relevant facts to the principles and show his work, not to nakedly claim that he has done so to support his conclusions.

Courts routinely exclude insurance claims-handling experts who merely summarize claim materials and announce conclusions without explaining how or why the insurer's conduct satisfied industry standards. The Courts opinions in *Fletcher*, *Janssen, and Atkinson*, make clear that the Courts primary concern is preventing testimony where an analytical gap exists that cannot be

reliably tested. *Fletcher v. Allstate Texas Lloyd*'s, No. 1:21-CV-00269-MJT-ZJH, 2022 WL 2980949, at *4 (E.D. Tex. July 25, 2022); *Janssen v. Allstate Vehicle & Property Insurance Co.*, No. SA-21-CV-00750-JKP, 2022 WL 2293910, at *3 (W.D. Tex. June 24, 2022); *Atkinson v. Meridian Security Insurance Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at *4 (W.D. Tex. Aug. 24, 2022).

That is precisely what Andres offers here. Andres lists fifteen generalized "best practice" principles, summarizes portions of the adjustment chronology, and then simply states that "AEIC met these standards." He never explains why AEIC's repeated written representations that its "evaluation is complete" was appropriate or logically consistent with Andres' later claims that Plaintiffs impeded AEIC's investigation. Andres never explains why testing a single bag of contents in a residence allegedly impacted by sewage contamination constituted a "full, fair, thorough and prompt investigation," when AEIC's adjuster directed the hygienist to test contents in every room. Andres never explains why it was reasonable for Gorman to fail to photograph Plaintiffs' damaged contents even though Gorman testified it was his typical practice as a large loss adjuster to do so. Andres never explains why AEIC's contents cleaning estimate was drastically reduced based upon an alleged "change in scope" when AEIC later admitted no such scope change occurred. Nor does he explain why AEIC's repeated written statements indicating Plaintiffs could not begin repairs absent agreement on scope did not constitute policy misrepresentations when that language was absent from the Policy.

These are not peripheral issues. They are central factual predicates underlying Plaintiffs' statutory claims. Yet Andres offers no meaningful analysis addressing them. Instead, the report simply assumes the conclusion it seeks to prove, which is that AEIC acted reasonably. Such unsupported assurances are insufficient under Rule 702. *See Caramba, Inc. v. Nationwide Mut.*

*Fire Ins. Co.*, No. CV H-19-1973, 2020 WL 7684136, at *7 (S.D. Tex. Dec. 24, 2020); *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019) (citation omitted) ("Although parties are free to offer expert testimony as to the customs or standards in an industry or profession, no expert will be permitted to provide legal opinions or instructions of law masquerading as testimony about insurance industry practices or customs.").

### B. DEFENDANT IMPROPERLY ATTEMPTS TO CURE THE DEFECTS IN THE REPORT THROUGH ATTORNEY ARGUMENT.

Defendant's Response repeatedly attempts to supply explanations that are absent from Andres' report itself. For example, Defendant argues that the failure to obtain contractor review of disputed estimates was merely a "tactical choice," that Plaintiffs' interpretation of AEIC's "investigation complete" communications is "strained," and that Plaintiffs failed to satisfy "reciprocal duties" regarding inventories. None of these explanations appear anywhere in Andres' report. The report itself never analyzes why AEIC's actions complied with accepted claims-handling standards or why AEIC's conduct was allegedly reasonable under the circumstances. Instead, these rationalizations are supplied entirely through attorney briefing after the fact.

Rule 702 does not permit counsel to rehabilitate a deficient expert report through argument. The expert himself must disclose the methodology and reasoning supporting his conclusions. FED. R. EVID. 702. Defendant's attempt to fill the analytical gaps through briefing merely confirms Plaintiffs' central point: Andres never actually performed the analysis Defendant now claims supports his opinions.

### C. ANDRES' REPORT CONSISTS OF IMPROPER LEGAL CONCLUSIONS

Defendant also attempts to characterize Andres' opinions as merely "industry standards" testimony. The plain language of the report demonstrates otherwise.

Andres expressly states that "[t]he claim was handled in good faith," that "[t]here is no sign

of any misrepresentation of material facts or policy benefits," that "[t]he claim was handled in accordance with statutory and common law," and that "a bona-fide dispute regarding an insurer's liability on a claim does not rise to the level of bad faith." These are quintessential legal conclusions. Whether AEIC acted in good faith, violated statutory duties, or engaged in actionable misrepresentations are ultimate legal determinations reserved for the Court and jury. Expert testimony containing legal conclusions is inadmissible. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997).

Defendant's attempt to recast these opinions as permissible "industry standards" testimony does not alter their substance. Andres repeatedly tells the jury what legal conclusion it should reach regarding AEIC's alleged statutory compliance and bad faith. Such testimony improperly invades the province of both the Court and jury and should be excluded.

### D. DEFENDANT'S RELIANCE UPON *AMERICA CAN!* DOES NOT SAVE ANDRES' REPORT

Defendant's reliance upon *America Can! v. Arch Insurance Co.* is misplaced. The procedural posture and substance of the opinions at issue there materially differ from Andres' report. Notably, Defendant fails to address fact that the Court specifically held that the expert could not testify as to any legal conclusions. *Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038, 1048 (N.D. Tex. 2022) ("none of the parties' experts will be allowed to present their legal conclusions to the jury"). But more critically, even a cursory review of the report in *American Can!*, shows that the report contains the analytical bridge between the facts and conclusions that Andres' report lacks.[1]

[1] "Because Arch accepted the defense of the case, could have assumed total control of the defense, and was only obligated to reimburse what it would have paid counsel of its own choice, the factual inquiry is not what Microsoft or Exxon would pay to defend an IP case in New Jersey; the question is what would a commercial liability carrier who has accepted the defense of the case pay to defend an IP case in New Jersey." *AMERICA CAN! v. Arch. Ins. Co.*, 2021 WL 8650604 (N.D. Tex. Oct. 28, 2021).

Thus, comparison to Mr. Martin's opinions does not save Andres' conclusory report.

## III. CONCLUSION

Defendant's Response confirms that Andres offers nothing more than a chronology of events, generalized insurance platitudes, and conclusory assurances that AEIC acted reasonably, with no reliable methodology. Moreover, Andres repeatedly offers impermissible legal conclusions regarding statutory compliance, bad faith, and alleged misrepresentations. Such testimony improperly invades the province of both the Court and jury. For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Strike and Exclude the Opinions of John Andres in their entirety.

Dated the 20th day of May, 2026.

Respectfully Submitted,

*/s/ Benjamin D. Doyle*

Benjamin D. Doyle
TX SBN: 24080865
STOCKARD, JOHNSTON, BROWN,
NETARDUS & DOYLE, P.C.
P.O. Box 3280
Amarillo, Texas 79116
Telephone: (806) 372-2202
Facsimile: (806) 379-7799
Email: bdoyle@sjblawfirm.com
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2026, the forgoing document was electronically served to the following:

Peter Laurie — *Via Email:* plaurie@hannaplaut.com
Catherine Hanna — *Via Email:* channa@hannaplaut.com
HANNA & PAUT, L.L.P.
211 E Seventh St, Suite 600
Austin, Texas 78701

*/s/ Benjamin D. Doyle*
Benjamin D. Doyle